Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Reco Prianto

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Reco Prianto,            ) | Case No. CV 13-3461 TEH |
| ) | |
| Plaintiff,      ) | |
| ) | FIRST AMENDED COMPLAINT |
| v.           ) | |
| ) | (Fair Credit Reporting Act |
| Heritage Pacific Financial, LLC and  ) | 15 USC § 1681 et seq) |
| Experian Information Solutions, Inc., an Ohio  ) | |
| corporation;      ) | DEMAND FOR JURY TRIAL |
| ) | |
| ) | |
| ) | |
| Defendants.    ) | |
| _____) | |

**The Parties**

1. Plaintiff has been a resident of Oakland, California since April 2011.

2. Defendant Heritage Pacific Financial, Inc. is a Texas corporation with its principal place of business in Plano, Texas.

3. Experian, which is an Ohio corporation with its principal place of business in Costa Mesa, California. It is a national credit reporting agency.

//

**Jurisdiction & Venue**

4. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § § 1367.

5. The alleged violations arose in this district during the past two years. Each of the defendants regularly transact business in this district.

**Description of the Case**

6. On or about April 11, 2007, plaintiff Reco Prianto purchased a single family residence for his personal use located in Sacramento, California. Plaintiff resided in the house for some period of time following the purchase of the home.

7. Plaintiff financed the purchase of the home with loans from Aurora Bank FSB secured by a 1st and 2d deeds of trust. The proceeds of both loans were used to pay for the purchase of the house.

8. The loan in second place, which was for $97,800, was later transferred or sold to defendant Heritage Pacific Financial LLC ("Heritage").

9. Plaintiff Reco Prianto stopped making the monthly payments on the loans in or about September 2008. Thereafter, the holder of the 1st deed of trust initiated foreclosure proceedings that resulted in a trustee's sale that took place on January 20, 2009.

10. The effect of the foreclosure was to extinguish the loan secured by the 2d deed of trust. The holder of the 2d deed of trust became a "sold out junior lienholder."

11. Defendant Heritage furnishes credit information on its customers to the three national credit reporting agencies, Experian, Equifax and Trans Union.

12. Beginning in June 2011, defendant Heritage reported to the credit reporting agencies that plaintiff Reco Prianto's loan account was past due in the amount of $96,601.

13. Section 580b of the California Code of Civil Procedure provides that no deficiency judgment lies after a foreclosure in the case of a purchase money loan secured by a deed of trust provided the buyer resides in the property and the proceeds of the loan went towards the purchase price. The loan held by Heritage is subject to the terms of CCP § 580b.

14. Given the fact that the loan is subject to CCP § 580b, Heritage is barred from obtaining a judgment against Reco Prianto. Nor can Heritage legally or successfully sue Reco Prianto to collect on the loan.

15. Heritage's report to Experian that plaintiffs owes $96,601 significantly reduced plaintiff's credit scores, which are major factors in whether plaintiff may obtain credit or whether plaintiff may obtain credit on favorable terms.

16. Given the fact that the loan cannot be enforced, Heritage' reports to the credit reporting agencies were misleading and incomplete. The reports will mislead creditors who access plaintiff's credit reports, in the process of making decisions whether to extend credit to plaintiff, into believing that plaintiff may be forced to pay $96,601 through legal process when in fact plaintiff is in no danger of ever having to pay anything on the account.

17. Banks and other financial institutions typically use computer algorithms to determine if a consumer qualifies for credit. The computer algorithms rely heavily, if not exclusively, on data in the applicant's credit application, the applicant's credit scores, and information in the applicants' credit reports prepared by the credit reporting agencies.

18. Anytime plaintiff applies for credit, the bank or other credit grantor will run his application through via a computer program to determine eligibility. The program will electronically access plaintiff's credit information from Experian. Experian consumer credit files will inform the creditor that plaintiff may be forced to pay $96,601 to Heritage. The result will be that the creditor will be misled and it will either reject plaintiff's application or it will only offer credit on unfavorable terms.

19. The reports to the credit bureaus are also incomplete because they fail to note that Reco Prianto cannot be made to pay the $96,601 to Heritage or any lesser amount.

20. In January 2012, May 5, 2013, and on May 20, 2013, plaintiff Reco Prianto sent dispute letters to defendant Experian, Equifax and Trans Union in which he stated the reasons Heritage's reporting was in violation of the FCRA. Plaintiff explained that Heritage's credit reporting was misleading causing creditors to believe plaintiff could be held liable for $96,601 when in fact that was not legally possible.

21. Upon receipt of the dispute letters, the credit reporting agencies sent automatic customer dispute verification requests (ACDVs) to Heritage informing it that plaintiff was disputing its reporting on the account.

22. Upon receipt of the ACDVs, Heritage was obligated to conduct a reasonable investigation of the dispute and to report the results of its investigation to the credit reporting agencies.

23. However, Heritage failed and refused to conduct a reasonable investigation of the disputes; instead, Heritage merely reported the same information it had previously reported to the credit reporting agencies.

24. Upon receipt of Heritage's responses to the ACDVs, the credit reporting agencies were obligated to conduct reasonable investigations of the disputes. Trans Union and Equifax corrected its reports to reflect that no money was past due on the account. However, defendant Experian failed to correct its report on the account.

25. Due to the defendants' credit reporting, plaintiff has been unable to obtain financing to purchase a home.

26. Due to defendants' credit reporting, plaintiff has suffered emotional distress.

**First Cause of Action: Violations of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against Defendant Heritage Pacific Financial, LLC**

27. Plaintiffs incorporate by reference ¶¶ 1-26.

28. The FCRA requires a furnisher such as Heritage, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an

investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

29. Within the last two years, defendant Heritage provided inaccurate, incomplete, and misleading information to Experian.

30. Within the past two years, plaintiff notified Experian that the reports concerning the Heritage account were inaccurate. Thereafter, Experian notified Heritage that plaintiff was disputing the information.

31. Heritage violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

    (b) willfully and negligently failed to review all relevant information concerning plaintiff's account;

    (c) willfully and negligently failing to report the results of investigations to Experian;

    (d) willfully and negligently failing to report the inaccurate status of the inaccurate information to Experian;

    (e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by Experian;

    (f) willfully and negligently failing to provide Experian with the factual information and evidence plaintiff submitted to Heritage that proved that the information concerning plaintiff's credit reports were inaccurate;

    (g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to Experian;

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

32. As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Second Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Heritage Pacific Financial LLC**

33. Plaintiff incorporates by reference ¶¶ 1-32.

34. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

35. Defendant Heritage negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

36. Defendant Heritage failed to make corrections to the information it was furnishing to Experian.

37. Defendant Heritage failed to provide a notice to Experian that the information it was providing was disputed.

38. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**Third Claim: Violations of the Fair Credit Reporting Act—Against Experian**

39. Plaintiff incorporates by reference ¶¶ 1 through 38.

40. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to

determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

41. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

42. Within the two years preceding the filing of this complaint, plaintiffs notified the defendant credit reporting agencies of inaccuracies contained in its reports and asked it to correct the inaccuracy.

43. Defendant Experian failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiffs disputed.

44. Defendant Experian failed to review and consider all relevant information submitted by plaintiffs.

45. Defendant Experian is required to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiffs' credit reports, information and file pursuant to 15 USC § 1681e(b).

46. As a result of the above-described violations of § 1681i and § 1681e(b), plaintiff has sustained damages.

47. Experian's violations of the FCRA were willful and therefore plaintiff is therefore entitled to also seek statutory and punitive damages.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

1 | Dated: September 26, 2013.

2 | ANDERSON, OGILVIE & BREWER LLP

3 |
4 | By /s/ *Mark F. Anderson*
    Mark F. Anderson
    Attorney for Plaintiff
5 |
6 | DEMAND FOR JURY TRIAL

7 | Plaintiff demands a trial by jury on all issues.

8 | Dated: September 26, 2013.

9 | ANDERSON, OGILVIE & BREWER LLP

10 |
11 | By /s/ *Mark F. Anderson*
     Mark F. Anderson